# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                            Case No. 19-CR-179

**ANTHONY O. HOSKINS**
    **Defendant.**

## DECISION AND ORDER

Defendant Anthony Hoskins, charged with felon in possession of a firearm, 18 U.S.C. § 922(g)(1), moves to suppress the gun, arguing that the police seized it during an unlawful search of his vehicle. For the reasons that follow, I deny his motion.

## I. FACTS

The parties do not dispute the facts, as set forth in the arresting officer's report (Def.'s Mot. Ex. A) and recorded by his body camera (Def.'s Mot. Ex. B). On December 21, 2018, at about 9:52 p.m., Milwaukee police officers Reagan and Wilson observed a vehicle disregard a stop sign, pulling in front of them as they traveled north on 27th Street. The vehicle turned west on Capitol Drive, accelerating quickly past a speed of 50 mph in a 35 mph zone. The officers activated their squad's lights and siren, and the vehicle pulled over. (R. 14-1 [Ex. A] at 3.)

Officer Reagan made contact with the driver, identified as Anthony Hoskins, observing an open can of Bud Light Lime-a-rita in the center console cup holder and another, unopened can on the front passenger seat. (R. 14-1 at 4; Ex. B at 1:28.) Reagan asked defendant why he was driving so fast, and defendant responded he was trying to get through the light and

trying to get to the grocery store.  (Ex. B at 1:15-1:20.)  Reagan asked defendant if he had any guns in the car, and defendant said no.  (R. 14-1 at 4; Ex. B at 1:28-1:29.)  Reagan then asked: "Is there anything else besides just the two bottles of booze right there?"  (Ex. B at 1:29-1:32.)  Defendant responded that he "just bought that."  (Ex. B at 1:35-1:36.)  Reagan then asked defendant to step out and on searching the vehicle located a .357 magnum revolver under the driver's seat.  (R. 14-1 at 4.)  In his report, Reagan wrote: "It was revealed that the can of alcohol was empty and he had informed me that he was not actively drinking."  (R. 14-1 at 4.)

Reagan's body camera shows that when he asked defendant to step out of the car, defendant asked "for what," and Reagan replied "for the open bottles of liquor in the car." Defendant responded, "it's not open," picking up the can from the center console and squeezing it.  Reagan replied "it is open" and again asked defendant to exit; defendant complied.  (Ex. B at 1:45-2:05.)  After they removed him from the vehicle and conducted a pat down, the officers asked defendant why he was so nervous, and he said he didn't do anything. One of the officers responded, "Here's the thing.  You got an open bottle of alcohol in the car. Whether you drank it or not, we've got the right to search your car."  (Id. at 2:38-2:45.)  The officers then sat defendant on the curb while they conducted the search.

After Reagan discovered the gun, the officers arrested defendant and on searching his person located three knotted plastic sandwich bags containing suspected marijuana.  The officers placed defendant in their squad car, noticing no other signs of intoxication.  Defendant was issued a municipal citation for a traffic violation (R. 14-1 at 4; R. 14-2 [Ex. C] at 1), but he was not ticketed for an open container violation.

## II.  DISCUSSION

Warrantless searches are per se unreasonable under the Fourth Amendment, subject

2

to a few well-established exceptions, one of which is the automobile exception, which permits the police to search a vehicle without a warrant if there is probable cause to believe the vehicle contains contraband or other evidence of illegal activity. United States v. Zahursky, 580 F.3d 515, 521 (7th Cir. 2009); United States v. Seymour, 519 F.3d 700, 713 (7th Cir. 2008). Probable cause exists where, under the totality of the circumstances, it is fairly probable that the car contains contraband or evidence. Seymour, 519 F.3d at 713.

The Seventh Circuit has held that an officer's discovery that a driver is transporting an open liquor container in violation of state law provides probable cause to believe that the car contains additional contraband or evidence, justifying a search. United States v. McGuire, 957 F.2d 310, 314 (7th Cir. 1992). Wisconsin's "open container" law provides:

> (1) No person may drink alcohol beverages or inhale nitrous oxide while he or she is in any motor vehicle when the vehicle is upon a highway.
>
> (2) No person may possess on his or her person, in a privately owned motor vehicle upon a public highway, any bottle or receptacle containing alcohol beverages or nitrous oxide if the bottle or receptacle has been opened, the seal has been broken or the contents of the bottle or receptacle have been partially removed or released.
>
> (3) The owner of a privately owned motor vehicle, or the driver of the vehicle if the owner is not present in the vehicle, shall not keep, or allow to be kept in the motor vehicle when it is upon a highway any bottle or receptacle containing alcohol beverages or nitrous oxide if the bottle or receptacle has been opened, the seal has been broken or the contents of the bottle or receptacle have been partially removed or released. This subsection does not apply if the bottle or receptacle is kept in the trunk of the vehicle or, if the vehicle has no trunk, in some other area of the vehicle not normally occupied by the driver or passengers. A utility compartment or glove compartment is considered to be within the area normally occupied by the driver and passengers.

Wis. Stat. § 346.935.

Defendant argues that the open container in his vehicle was empty, i.e., not one "containing alcohol beverages" as required by the statute. (R. 14 at 7-8.) He notes that when

3

he picked up the can and squeezed it, it sounded empty and no alcohol spilled out; the officers did not ask him if he drank from the can and made no notation that he smelled of alcohol; and the officers' report acknowledges that the can was, in fact, empty. Defendant contends that, under these circumstances, the officers could not have reasonably believed that he was violating the open container law. (R. 14 at 8-9.)

Defendant further argues that the officers could not ignore the evidence the can was empty. (R. 14 at 10, citing Kingsland v. City of Miami, 382 F.3d 1220, 1229 (11th Cir. 2004) (stating that "an officer may not choose to ignore information that has been offered to him or her"); Weiner v. McKeefery, 90 F. Supp. 3d 17, 34 (E.D.N.Y. 2015) ("[P]robable cause [may] dissipate when police officers fail to examine evidence already available to them.").) Defendant contends that after he held the can up the officers should have at least examined it before proceeding to search. Instead, they showed no interest in confirming it was empty, insisting that the mere presence of the can gave them authority to search. (R. 14 at 11, citing Cozzi v. City of Birmingham, 892 F.3d 1288, 1294 (11th Cir. 2018) ("Importantly, in evaluating probable cause, an officer may not unreasonably disregard certain pieces of evidence by choosing to ignore information that has been offered to him or her or electing not to obtain easily discoverable facts that might tend to exculpate a suspect.") (internal quote marks and bracketing omitted).)

Defendant acknowledges that the issue in this case is not whether he violated the open container law but whether the circumstances justified the search. (R. 14 at 11-12.) However, he contends that the presence of the empty can did not suggest that the car contained any evidence of a crime, e.g., other open containers actually containing alcohol. For that, officers would need more, e.g., the smell of alcohol, furtive movements, or indicia that he was

4

intoxicated. (R. 14 at 12.)

Defendant contrasts his case with State v. Schlapper, 2010 WI App 71, 2010 Wisc. App. LEXIS 272, at *6-7 (Wis. Ct. App. Apr. 13, 2010), in which the court found probable cause to search a vehicle for contraband where the officer confirmed that the open containers in the car actually contained alcohol, the officer smelled alcohol in the car, and the officer saw the passenger throw a baggie of suspected marijuana out of the car. Here, the container was empty, the officers noted no suspicious odors, and the officers observed no contraband in the car or on defendant's person prior to the search of the car. Nor did defendant give any indication, from his driving, appearance, or responses to their questions that he had been drinking. (R. 14 at 13-15.) Defendant contends that the circumstances here would not cause a reasonably prudent person to believe the car contained contraband. (R. 14 at 15-16.)

Courts have held that even an empty container may supply probable cause. In Branch v. Gorman, 742 F.3d 1069, 1071 (8th Cir. 2014), for instance, the court considered an arrest based on the possession of an apparently empty flask under a Minnesota statute making it a "crime for a person to have in possession, while in a private motor vehicle upon a street or highway, any bottle or receptacle containing an alcoholic beverage, distilled spirit, or 3.2 percent malt liquor that has been opened, or the seal broken, or the contents of which have been partially removed." In upholding the arrest, the court stated:

> Minnesota law does not appear to require a container to contain alcohol at the time of arrest, but merely at some point while the vehicle was moving. Courts routinely find probable cause under open container laws when police officers observe empty bottles in vehicles. . . . In Guidry v. Boyd, No. 06 C 1600, 2007 WL 2317174 (N.D. Ill. July 17, 2007), the court, at the summary judgment stage, analyzed a similar statute and found "[e]ven assuming that a bottle was empty on the floor of the front passenger compartment, its presence was sufficient to create probable cause to arrest" for violation of the open-container law because "[t]he presence of an open empty alcohol container in the passenger area of a

5

car would make a reasonable police officer believe that a suspect had been transporting alcohol in an open container." Id. at *10; see also, Thomas v. City of New York, No. 05 Civ. 6449, 2008 WL 3456173, *3 (S.D.N.Y. Aug. 12, 2008) ("[T]he factual dispute as to whether the container was empty is immaterial in light of the . . . determination that possession of an empty container may give rise to probable cause for an arrest."); People v. Montanez, No. C053012, 2007 WL 2045582 (Cal. Ct. App. July 18, 2007) ("Whether the bottle was empty is irrelevant."). The Minnesota statute may reasonably be read similarly. Even if [the officer] knew the flask was empty, the arrest was not unlawful because a reasonable officer could have concluded Branch violated the law and had recently finished consuming the alcohol based on the flask's proximity to her.

Id. at 1073; see also Seiser v. City of Chicago, 762 F.3d 647, 655 (7th Cir. 2014) ("We note in this regard that Illinois courts have repeatedly held that a police officer may reasonably infer from the discovery of a beer or liquor container—even an empty container—in or near an individual's car that the bottle had contained alcohol and had been open while the defendant was driving."); Stanford v. Glowacki, No. 12 cv 7502, 2013 U.S. Dist. LEXIS 172514, at *5 (N.D. Ill. Dec. 6, 2013) ("The presence of an empty bottle of beer or liquor in the passenger area of a car is sufficient to create probable cause for arrest under the [Illinois] statute."); City of West Bend v. Wille, 2018 WI App 62, 2018 Wisc. App. LEXIS 700, at *3 (Wis. Ct. App. Aug. 15, 2018) (finding that whether cans were empty or partially full was immaterial to the legality of a Terry stop under § 346.935); City of Sparta v. Brooks, Nos. 93-1510-FT, 93-1511-FT, 1993 Wisc. App. LEXIS 1261, at *3 (Wis. Ct. App. Sept. 30, 1993) (holding that officer's observation of two uncapped beer bottles on top of the transmission hump provided reasonable grounds to believe that someone had been drinking alcoholic beverages in the car in violation of § 346.935(2), even though the officer could not tell whether the bottles were full or empty).

The government contends that the Wisconsin statute forbids possessing open alcohol containers in a vehicle, drinking alcohol in a vehicle, and keeping open alcohol containers in a vehicle. Given their observation of an open beer can in the car, the officers here had reason

6

to believe defendant had violated § 346.935, creating probable cause to believe the vehicle contained additional contraband or evidence. (R. 15 at 6.) Once they acquired probable cause, they could search the car under the automobile exception. (R. 15 at 7.)

In reply, defendant challenges the government's suggestion that it is immaterial whether an open alcohol container is empty. (R. 15 at 5; R. 18 at 1, 8.) He contends that when the container is empty the law requires other suggestive facts, such as the smell of alcohol or signs of intoxication. (R. 18 at 1.)

Defendant notes that in Branch, 742 F.3d at 1071, officers found a small metal flask under the passenger seat where Branch had been sitting. One of the officers shook the flask and proclaimed it empty. Another officer opened it but could not see through its narrow opening; however, he detected a strong odor of alcohol suggesting that at least some amount of alcohol was in the flask (and later testing found 10 ccs of alcohol). Branch was also uncooperative and repeatedly asked to urinate. Id. at 1073. Defendant acknowledges the court's statement that Minnesota law did not require the container to contain alcohol at the time of arrest, merely at some point while the vehicle was moving, but he notes that the facts of the case created a strong impression that the flask had just been emptied. (R. 18 at 2.)[1]

Defendant further notes that in Seiser, 762 F.3d at 651, witnesses reported seeing Seiser drinking from an alcohol container while driving, that he staggered when exiting his vehicle, and that his breath smelled of alcohol. The bottle turned out to contain water, but the court nevertheless found that investigating officers had probable cause to administer a

---

[1]Defendant also notes that Branch concerned an arrest, not a search. (R. 18 at 2.) However, the standard for both is probable cause, see United States v. Navarro, 90 F.3d 1245, 1254 (7th Cir. 1996) ("A warrantless arrest, like a warrantless search, must be supported by probable cause."), and he does not further develop the argument.

7

breathalyzer.  Id. at 654-55.  In so holding, the court stated that the presence of an open container, even an empty one, may lead to an inference that it contained alcohol while the person was driving, but the court did not say it always leads to probable cause.  (R. 18 at 3.)  Indeed, defendant contends, the state cases cited in Seiser all presented facts in addition to an empty container.  (R. 18 at 3.)

Defendant asserts that People v. Bailey, 133 N.E.3d 1193, 1195 (Ill. Ct. App. 2019), in which the court granted a motion to suppress in a DUI prosecution, also shows that the Illinois cases cited by the government are outdated.  (R. 18 at 3-5.)  In that case, officer Bailey pulled the defendant over for speeding, noticed an orange substance in his beard, and smelled a "sweet" odor emanating from the vehicle.  He also observed a purple can in the cup holder, but he could not see the label or discern what was in the can.  Id. at 1196.  Another officer, Ponzi, arrived, and he observed a number of cans on the backseat floorboard.  Id. at 1197.  The court stated:

> Here, it was not immediately apparent to either Bailey or Ponzi that defendant's vehicle contained any contraband.  While Ponzi initially testified that he noticed multiple cans of alcoholic beverages on defendant's backseat floorboard, he then admitted that he could only actually read one larger can, labeled "Straw-Ber-Rita."  Further, there was no testimony provided as to whether Ponzi could determine if that can was open.  Ponzi only testified that he "could tell that—at least the one was open."  It is unclear if "the one" can to which Ponzi was referring was the Straw-Ber-Rita, the purple can Bailey had previously observed, or another of the cans.
>
> Section 11-502 of the Illinois Vehicle Code states that "no driver may transport, carry, possess or have any alcoholic liquor within the passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken."  625 ILCS 5/11-502(a) (West 2016). Contrary to Ponzi's answer on cross-examination (see supra ¶ 15), section 11-502(a) turns on the actual presence of alcohol, not merely the container.  Ponzi did not actually testify that he observed an open can that he knew to be one of an alcoholic beverage. More importantly, from Ponzi's vantage point outside defendant's vehicle, he had no way of knowing if any open can contained anything.  Thus, the incriminating

8

> nature of the can was not immediately apparent, as would be required for the can alone to allow officers to search defendant's vehicle.

Id. at 1199; see also United States v. Saafir, 754 F.3d 262, 265-66 (4th Cir. 2014) (holding that discovery of a hip flask in the driver's side door did not create probable cause to search where the officer never confirmed there was alcohol or anything else in the flask, and there was no other evidence suggesting that Saafir was intoxicated); United States v. Green, 437 F. Supp. 2d 38, 42 (D.D.C. 2006) (declining to find probable cause where the officers saw an empty liquor bottle in the back seat).

I agree with defendant that an empty container, standing alone, would not necessarily justify a search.[2] The court should consider the totality of the circumstances, including the basis for the traffic stop, the location and condition of the container(s), any statements the driver made about the container(s), and any observations by the police or others suggesting recent consumption.

In defending the search under the totality of the circumstances here, the government notes that the officers observed defendant commit traffic violations; he responded slowly to their attempt to pull him over; he had an open beer can in the center console, with a second unopened can within reaching distance; they heard him say he "just bought" the liquor; and

---

[2] While the can was, in fact, empty, it is unclear when the officers made that determination. In his report, Officer Reagan wrote: "It was revealed that the can of alcohol was empty[.]" (R. 14-1 at 4.) This phrasing, along with the location of the statement in the report (after the reported discovery of the gun), suggests that the officers learned this fact after the completion of the search. It is also unclear from the video whether the can was completely empty. While defendant picked it up and squeezed it, he did not totally crush it; nor did he attempt to dump it out, showing it to be empty. The video does not show the officers touching the can prior to the discovery of the gun. Perhaps it would have been advisable for the officers to inspect the can before searching the car, but I cannot conclude that they were required to do so, given the other circumstances discussed below, including the presence of another alcohol container on the front passenger seat.

9

when asked to exit the car he claimed that a plainly open can was not opened. (R. 15 at 7.) The government concludes that given these circumstances it was reasonable for the officers to conclude that defendant had recently finished consuming the alcohol and thus violated Wis. Stat. § 346.935. While it may have been possible to draw a different inference, the officers were not required to do so. (R. 15 at 7, citing District of Columbia v. Wesby, 138 S. Ct. 577, 588 (2018) ("[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts.").)

Defendant was stopped for speeding (not weaving or swerving), he pulled over when able to do so, he cooperated with the officers and answered their questions, and he gave no indication that he had been drinking. (See R. 18 at 9-10.) However, he had an open alcohol container in the center console cup holder, where a person would ordinarily place a beverage he was consuming while driving. He also had another, unopened can on the front passenger seat, within reach. This is not a case like Bailey, where the officers could not determine what sort of container was in the cup holder or whether any alcohol containers in the car were actually open.[3]

Further, defendant said he "just bought" the alcohol, from which the officers could have reasonably inferred that he recently drank one of the cans. Defendant contends that this statement was vague and difficult to make out due to traffic noise (R. 18 at 11), but based on the video Officer Reagan appeared to have no trouble understanding him. Perhaps defendant mis-spoke under duress when he said "it's not open" rather than "it's empty" (see R. 18 at 11),

---

[3]Defendant contends that the statute is focused on enhancing public safety by stopping people from consuming alcohol while driving, not preventing citizens from driving with trash or recycling in their cars. (R. 14 at 8.) However, this is not a case where the police saw crumpled cans on the backseat floorboard or a bag of empty bottles collected for the recycling center.

10

but I also cannot conclude that the officers were required to draw that inference. While neither statement <u>proves</u> that defendant recently drank from the open can or that the can was full while he was driving (<u>see</u> R. 18 at 11-12), probable cause requires only a probability or a substantial chance of criminal activity, not a showing of proof beyond a reasonable doubt or even by a preponderance of the evidence. <u>See, e.g.</u>, <u>United States v. Bullock</u>, 632 F.3d 1004, 1022-23 (7th Cir. 2011). Finally, while defendant did not appear intoxicated, impairment is not required under Wis. Stat. § 346.935. Considering the totality of the circumstances, the officers had probable cause for the search.[4]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to suppress (R. 14) is denied.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2020.

                                          s/ Lynn Adelman
                                          LYNN ADELMAN
                                          District Judge

---

[4] Defendant argues that the stop was pre-textual. (R. 14 at 16-17; R. 18 at 12.) That the police may have been more interested in firearms than empty alcohol containers does not render the search unlawful. <u>See</u> <u>United States v. Watson</u>, 558 F.3d 702, 704 (7th Cir. 2009) (citing <u>Whren v. United States</u>, 517 U.S. 806, 813 (1996)); <u>see also</u> <u>United States v. Williams</u>, 106 F.3d 1362, 1365 (7th Cir. 1997) ("[T]he ulterior motives of an officer, where an objective justification exists, do not invalidate a search.").

11